(165 App. Div. 672)

## MATTHEWS v. HILL. (No. 366–96.)

(Supreme Court, Appellate Division, Third Department.  January 6, 1915.)

1. TROVER AND CONVERSION (§ 35*)—BURDEN OF PROOF.

A plaintiff, suing for the conversion of hay cut on premises alleged to have been leased to him, has the burden of showing his right to the hay by establishing title in his lessor.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 215, 216; Dec. Dig. § 35.*]

2. EVIDENCE (§ 353*)—DEEDS—CLERICAL ERROR—EFFECT.

A defect in a deed, arising from the fact that it bears the date of February 26, 1910, while the certificate of acknowledgment bears the date of February 25th of the same year, is but a clerical error, and the deed is admissible in evidence, where the question of title is only incidentally involved.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1404–1428, 1430, 1431; Dec. Dig. § 353.*]

3. EVIDENCE (§ 474*)—HANDWRITING—COMPETENCY OF WITNESSES.

A witness, who testifies that he is familiar with the handwriting of a third person and has seen her write, may testify that the signature attached to a lease introduced in evidence is the signature of such third person.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2196–2219; Dec. Dig. § 474.*]

4. TROVER AND CONVERSION (§ 36*)—EVIDENCE—ADMISSIBILITY.

In an action for the conversion of hay cut by defendant on described premises, evidence that he had cut hay from other premises was inadmissible.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 217–224; Dec. Dig. § 36.*]

Appeal from St. Lawrence County Court.

Action by Albert Matthews against Fred Hill.  From a judgment for plaintiff, and from an order denying a motion for new trial, made on the minutes, defendant appeals.  Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

James J. McNeil, of Ogdensburg, for appellant.
Warren O. Daniels, of Parishville, for respondent.

WOODWARD, J.  This action was brought to recover the sum of $75, for damages alleged to have been sustained by the plaintiff through the conversion of a quantity of hay by the defendant.  The case was submitted to the jury upon a charge to which there were no exceptions, and the jury found a verdict in favor of the plaintiff for $46, upon which judgment has been entered, and the defendant appeals to this court from such judgment and from an order denying a motion for a new trial.

The complaint alleged that the plaintiff was "the owner in possession and entitled to the immediate possession of a certain quantity of hay, to wit, about five tons, grown upon the certain lot of about ten acres located at Blake, town of Parishville, N. Y., and being a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

part of the farm known as the 'McNeil farm' "; and it appeared upon the trial that this lot was known as the "Thayer lot." It was claimed on the part of the plaintiff that the defendant cut and removed the hay from this lot; and the answer set up a general denial, and alleged that the premises in question belonged to the estate or heirs of one Malcom McNeil, and were in the lawful possession of one William McNeil, and that the acts charged against the defendant were committed under the authority of said William McNeil. The defendant made no effort to establish these facts upon the trial, but urges upon this appeal certain alleged errors on the part of the court in the receipt and rejection of evidence.

[1, 2] The plaintiff assumed the burden of showing his right to the hay in question by establishing title to the premises in his lessor, and to this end offered in evidence a certain deed of Mary McNeil to Mary J. McGarrity. The defendant urges that this deed was unacknowledged and not entitled to be recorded, and that it was improperly admitted in evidence by its mere offer and presentment. If the premise were established, it might well be that there would be a question as to the propriety of the introduction of this deed; but the fact is that the deed is duly acknowledged. The real defect is that the deed bears the date of February 26, 1910, while the certificate of acknowledgment bears date of February 25th of the same year, which is so obviously a mere clerical or scrivener's error that it is not worth while to give it any serious consideration. No one suggests that the deed was not in fact made and delivered. It is executed with all the forms necessary, and the mere fact that some one erred in the dating of the deed or the acknowledgment is of no consequence, and clearly not in a case of this character, where the question of title is only incidentally involved.

[3] The second matter urged is that the court erred in receiving in evidence the lease claimed to have been made by Mary McGarrity to the plaintiff of the premises in question, on the ground that the witnesses were not qualified to testify to her signature. Two witnesses testified that they were familiar with her handwriting, and had seen her write, and that the signature attached to the lease was that of Mary McGarrity, and we fail to discover any error in this regard.

[4] The defendant offered evidence tending to show that he had cut hay from a lot known as the "Backus lot," but this testimony was excluded, and the defendant urges that he was entitled to have such testimony appear. There was no controversy upon the hay from the Backus lot. The plaintiff does not claim anything in that regard, and the only controversy was over the hay taken by the defendant from the Thayer lot. The evidence offered by the defendant was therefore irrelevant and immaterial to any question before the court, and was properly excluded.

Equally without merit is the contention that the court erred in permitting counsel to argue before the jury that the defendant had shifted his defense; and we are clearly of the opinion that the court did not err in refusing a new trial.

The judgment and order appealed from should be affirmed, with costs. All concur.